# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TW ESTATES, LLC,                )                                              | |
|                                                )                                              | |
|     **Plaintiff**,         )                                              | |
|                                                )                                              | MISCELLANEOUS ACTION |
| v.                                             )                                              | |
|                                                )                                              | No. 12-MC-0202-JWL |
| ASHLEY KNIGHT,                  )                                              | |
|                                                )                                              | |
|     **Defendant.**         )                                              | |

## REPORT AND RECOMMENDATION

## NOTICE

Within fourteen days after a party is served with a copy of this Report and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the Report and Recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

## REPORT AND PROPOSED FINDINGS

On January 13, 2012, the *pro se* Plaintiff filed a Registration of Foreign Judgment regarding a judgment entered in *TW Estates v. Knight*,[1] in Jackson County, Missouri against Ashley Knight and another defendant for $1,675. On that same date Plaintiff applied for a writ of garnishment to garnishee earnings of Ashley Knight from PDL Support, a company located in Overland Park, Kansas.[2] A deputy clerk of the Court issued an Order of Garnishment to PDL Support on January

---

[1] No. 1116-CV29653 (Mo. Cir. Ct. Nov. 29, 2011).

[2] *See* ECF No. 2.

13, 2012.³  On March 14, 2012, the garnishee (PDL Support) filed an answer to the Order of Garnishment.⁴  About a month later Plaintiff filed a document, stating that PDL Support has chosen not to cooperate with the writ of garnishment.⁵  That filing has been construed as a Motion for Order to Enforce Garnishment.  By Order dated April 20, 2012, the District Court referred that motion to the undersigned magistrate judge.⁶

This case has a number of procedural irregularities.  First, an entity cannot proceed without counsel in federal court.⁷  Second, a state court judgment, like the one filed here, cannot be registered in federal court.⁸  Section 1963 of Title 28 of the United States Code, which governs registration of judgments for enforcement in other districts, limits registration to judgments of other federal courts.⁹  Federal courts have no jurisdiction to register judgments of any court not set out in

---

³*See* ECF No. 3.

⁴*See* ECF No. 4.

⁵*See* ECF No. 5.

⁶*See* ECF No. 6.

⁷*See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 217 (1993); *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir.2006); *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir.2001).

⁸*See Euro-American Coal Trading, Inc. v. James Taylor Mining, Inc.*, 431 F. Supp. 2d 705, 708 (E.D. Ky. 2006); *Atkinson v. Kestell*, 954 F. Supp. 14, 15 n.2 (D.D.C. 1997), *aff'd sub nom. Atkinson v. Inter-Am. Dev. Bank*, 156 F.3d 1335 (D.C. Cir. 1998).

⁹*See Strong v. Laubach*, 153 F. App'x 481, 482 (10th Cir. 2005) (noting in parenthetical that § 1963 provides for registration of judgments obtained in other federal courts); *Drexler v. Kozloff*, 210 F.3d 389, 2000 WL 376608, at *1 (10th Cir. April 13, 2000) (noting in parenthetical that § 1963 provides "for registration of federal judgments in other districts for enforcement"); *Baxter State Bank v. Bernhardt*, 186 F.R.D. 621, 625 n.6 (D. Kan. 1999) (noting that § 1963 allows for registration of a federal judgment for enforcement in another district); *Marbury Law Group, PLLC v. Carl*, 729 F. Supp. 2d 78, 83 (D.D.C. 2010) (holding that § 1963 is limited to registering federal judgments).

§ 1963.[10] Not only does this Court lack jurisdiction to register the judgment sought to be enforced in this garnishment action, but there is no apparent jurisdictional basis for enforcing the state judgment in this action. Garnishment proceedings do not appear to "arise under federal law within the purview of 28 U.S.C. § 1331."[11] And, because only $1675 is at issue in this action, this case likewise does not come within diversity jurisdiction under § 1332. Unless a garnishor establishes an independent basis for federal jurisdiction, a garnishment action is subject to dismissal without prejudice to refiling in state court.[12]

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."[13] They must presume that a matter "lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction."[14] "The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties."[15] Federal courts have the duty to determine whether subject-matter jurisdiction exists even when a party has not raised the issue.[16]

In this case, Plaintiff has provided no jurisdictional basis for this action. It has improperly

---

[10] *See Fox Painting Co. v. Nat'l Labor Relations Bd.*, 16 F.3d 115, 117 (6th Cir.1994); *Euro-American Coal Trading*, 431 F. Supp. 2d at 708.

[11] *Farm & City Ins. Co. v. Johnson*, 190 F. Supp. 2d 1232, 1234 (D. Kan. 2002).

[12] *State Farm Mut. Auto. Ins. Co. v. Nguyen*, No. 96-1099-KMH, 2001 WL 1318178, at *2 n.7 (D. Kan. May 2, 2001).

[13] *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (citations omitted).

[14] *Id.* (citations omitted).

[15] *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982).

[16] *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) (per curiam); *West-Anderson v. Saunders*, 290 B.R. 399, 400 (D. Kan. 2003).

registered a state judgment in federal court. From the filings in this case, there is no apparent, independent basis for subject-matter jurisdiction over this action.[17]

## RECOMMENDATION

For the foregoing reasons the magistrate judge recommends that the Court deny the Motion for Order to Enforce Garnishment (ECF No. 5) and dismiss this action for lack of jurisdiction over its subject matter. The dismissal should be without prejudice to Plaintiff to file his judgment in state court. It is further recommended that the Court vacate the Order of Garnishment (ECF No. 3), because it was issued in absence of jurisdiction. If the Court vacates that order, it should also notify the garnishee of that action.

Respectfully submitted on this 3rd day of July, 2012, in Kansas City, Kansas.

S/Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

---

[17]Some courts have held that federal courts simply lack jurisdiction to enforce state court judgments. *See Marbury*, 729 F. Supp. 2d at 83; *Euro-American Coal Trading*, 431 F. Supp. 2d at 708. According to *Euro-American*, the proper procedure is to register state court judgments in an appropriate state court. *See* 431 F. Supp. 2d at 709. That procedure appears proper here. Given the lack of any independent basis for federal jurisdiction in this case, however, there is no need to determine whether federal courts lack jurisdiction to enforce state court judgments in all circumstances.